The only question in this case was, whether in the course of administering the assets of the decedent, who was a lawyer, a debt due from him to his client, for money collected upon a judgment, but of which collection no written *acknowledgment appeared, was to be considered as standing on the footing of an open account only, or as being of equal dignity with a judgment or specialty.
The District Court of Richmond decided the debt to be of the same dignity with other open accounts, and gave a judgment in favour of Gathright, payable when assets should come into the hands of the defendant to be administered; from which judgment Gathright appealed.
Nicholas, for the appellant, observed, that the principles which regulate the order of payment of a decedent’s debts are derived from the common law; that certain debts though not secured by writings were preferred to specialties on account of peculiar reasons and circumstances; funeral expenses, for example; that, according to the reason of the case, no debt can stand on a higher footing than that of an attorney to his client; that in this case, the claim was founded on a judgment; the records were to be resorted to for its establishment, and the act of Assembly gave a summary recovery by motion, (c)
In the case of Eppes and others v. Randolph(d) certain simple contract creditors were, for special reasons, put on the footing of bond creditors.
JUDGE LYONS.
Was not that in a Court of Equity?
Nicholas. The same rule as to dignity of debts applies in both Courts. — The peculiar remedy by motion by virtue of the act of Assembly furnishes another reason for considering this claim as superior to an ordinary simple contract. The doctrine is laid down in 4 Bac. Abr. (Gwyllim’s ed.) 471, 472, that, where a particular remedy is given by statute, it is considered as proceeding on a record, because the statute is a record of the highest dignity. In certain cases to the Court regards a simple contract debt as due by record, in order to take it out of the act of limitations. They may, therefore, by parity of reasoning, regard it as such, in order to affect its dignity in the order of payment, where it would be equitable to do so.
Randolph, for the appellee, thought the point too plain against the appellant to require an argument.
Thursday, October IS. The judgment of the District Court was unanimously affirmed; all the Judges being present.

 2 Call, 188.

 Rev. Code, 1 vol., p. 97, c. 71, s. 7.